Matthias, J.
The question presented is whether the facts appearing in the pleadings entitle the relator to a reinstatement to the position from which he has been discharged. It is conceded that the appointment of the relator, May 16, 1912, was made pursuant to the provisions of Section 4488, General Code, which then provided: “To prevent the stoppage of public business or to meet extraordinary • exigencies, as provided in this title, the mayor may make temporary appointments.” That section was a part of the civil service law passed in 1908 (99 O. L., 562), and under the provisions of the rule adopted by the board the tenure of temporary ap *152 pointees in positions in the classified service continued until an eligible list was available, unless previously removed for cause. The relator continued in his position until November 9, 1914, but in the meantime a new civil service law had been enacted, which became effective January 1, 1914.
The director of public service has acted upon the theory that the latter law in no wise affected the tenure of the relator and that the same therefore was necessarily terminated when there was an eligible list for the position. In accordance with that view, the discharge of the relator was ordered November 7, 1914, he having been notified that he was discharged “for the reason he is a temporary appointee and civil service commission now has an eligible list.”
There is no question .in this case of the validity or the regularity of relator’s appointment. He was concededly performing the duties of his position under a valid appointment when the 1913 civil service law (103 O. L., 698) became effective, and for some time thereafter. The first and foremost question therefore presented by the pleadings is whether the provisions of that law had any effect upon the tenure of office of the relator.
The provisions of the act pertinent to the present inquiry are substantially as follows: Incumbents of all offices and places in the competitive classified service, except those holding their positions under existing civil service laws, shall, whenever the commission require, be subject to a noncompetitive examination as a condition of continuing in the service, such noncompetitive examination to conform in *153 character to those of the competitive service. Under these provisions of this act, all officers and employes in the classified service holding their positions under the then existing civil service laws should be deemed appointees. It was further required by its provisions that in case of discharge, the appointing officer should furnish the person discharged, whether appointed for a definite term or otherwise, a copy of the order of discharge, and reasons therefor, and afford him a reasonable time within which to make and file an explanation.
Those who were holding positions in the classified service on January 1,1914, were by these provisions arranged in two grades or classes, first, those who occupied such positions by reason of previous selection and appointment from an eligible list, who were to be deemed appointees under the provisions of that act and were continued in their respective positions without being required to undergo the ordeal of a further examination; second, those holding positions in the classified service who had been appointed under some provision of the law previously in force, which law had authorized appointment without requiring as a condition precedent the passing of a civil service examination.
Under the provisions of the new law, above referred to, those falling within the second class were to be afforded an opportunity to take a noncompetitive examination, which they were required to pass as a condition of continuing in the service. Persons coming within this class were, therefore, to be subject to dismissal only in the event they failed to pass such examination. All persons holding posi *154 tions in the classified service were in one class or the other. Under the provisions of the law effective January 1, 1914, the relator was on that date an incumbent of a position in the classified service, who had not taken an examination, and therefore belonged to the class last named. It is to be observed that both classes were alike afforded civil service protection, the only distinction being that those of the latter class must pass a noncompetitive examination as a condition of continuance in the service, and would lose such protection if they failed to pass the examination when opportunity should be afforded them by the civil service commission to take it.
It is contended by counsel for defendant that the provisions of the civil service law effective January 1, 1914, cannot apply to the relator for the reason that his appointment was only a temporary one, made, as it was, because no eligible list was then at hand from which to make a selection, and that under the rule of the commission in force when the appointment was made it could continue only until an appropriate eligible list was certified, and when that list was available such appointment automatically terminated.
We think a, complete answer to this contention is found in the fact that when the new law went into effect the relator was still an incumbent of the position to which he had legally been appointed. Under the plain provisions of the law he had then only to pass the examination prescribed; and he took and passed the only examination held covering such position long prior to the issuance of the order for his *155 discharge by the director of public service. That such examination was competitive cannot alter the relator’s standing in view of the requirement that competitive and noncompetitive examinations be of the same character; nor can the relator’s rights in the premises be affected by the terms of the rule adopted by the civil service commission in 1912, as urged by the defendant. That rule provides that temporary appointments shall continue only until an eligible list is available. It was based upon Section 4488, General Code, heretofore cited, and that section was expressly repealed by the act of 1913. Consequently the rule relied upon by the defendant, the terms of which are clearly inconsistent with the provisions of the later law, was thereby abrogated.
It is urged that relator should have filed his explanation with the civil service commission when he received notice of his discharge and a statement of the reasons therefor, and having failed to avail himself of the remedy thus provided he cannot secure redress by a proceeding in mandamus. But there was nothing for the relator to explain. His discharge was not ordered because of any failure, misconduct or delinquency on his part. No charge was made against him, consequently there wás nothing for the civil service commission to consider or determine. The only reason stated for relator’s discharge was that an eligible list was available, and the attempted discharge raised only the question as to the correctness of the interpretation of the law upon which the action of the director of public service was based. No answer or explanation which the relator could have filed would have authorized the *156 civil service commission to determine that question. The law does not require the doing of a vain and useless thing.
It is further urged by the defendant that because of the provisions of the so-called Moore-Barnes law (106 Ohio Laws, 400), the relator not having passed a competitive examination prior to his appointment, and not having been in the service seven years next preceding January 1, 1915, is not entitled to the protection of the civil service law. That law was not passed until May 27, 1915, several months subsequent to the relator’s discharge and the institution of this action. It is quite obvious therefore that it cannot in any wise affect the issue in this case. It cannot deprive the relator of the right to have determined his status at the time of his attempted discharge, which was about ten months prior to the time the Moore-Barnes law became effective. He has substantially complied with every requirement of the law then in force and undgr its provisions was entitled to retain his position until discharged for cause, or by reason of a change in the law, rendering him ineligible for the position.
The judgment of the court of appeals is, therefore, affirmed.

Judgment affirmed.

Nichols, C. J., Wanamaker, Newman, Jones, Johnson and Donahue, JJ., concur.